## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTONIO LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-2621 |
| | ) | |
| v. | ) | Judge George W. Lindberg |
| | ) | Magistrate Judge Martin C. Ashman |
| CHICAGO EXTRUDED METALS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Antonio Lewis, for his complaint against Defendant, Chicago Extruded Metals Company, alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to redress the deprivation of Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981.  Subject matter jurisdiction exists pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.  Venue is proper here pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

### THE PARTIES

2.      Plaintiff was at all times mentioned herein an adult African-American male residing in Cook County, Illinois.  Plaintiff currently resides at 4409 Prescott Ave. #2A, Lyons, Illinois 60534.

3.     Defendant is authorized to do business in the State of Illinois, and has a place of business at 1601 S. 54th Ave., Cicero, Illinois 60804.

4.     Defendant employed at least 15 or more employees for 20 or more weeks of each calendar year in an industry affecting commerce at all times relevant hereto within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

## BACKGROUND

5.     On May 4, 2006, Plaintiff timely filed a written charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant subjected him to unequal terms and conditions of employment from January 1, 2004 to April 7, 2006 on the basis of his race (African-American) and retaliation, among other things.  A copy of the charge, No. 440-2006-03798, is attached as Exhibit A.

6.     On August 2, 2006, Plaintiff timely filed a second written charge of discrimination with the EEOC, alleging that Defendant suspended him on June 16, 2006, and subsequently terminated him on June 28, 2006, on the basis of retaliation, among other things.  A copy of the charge, No. 440-2006-08492, is attached as Exhibit B.

7.     On February 14, 2008 and February 15, 2008, the EEOC issued Notices of Right to Sue with respect to the written charges of discrimination identified above.  A copy of the Notice of Right to Sue corresponding to charge No. 440-2006-03798 is attached as Exhibit C.  A copy of the Notice of Right to Sue corresponding to charge No. 440-2006-08492 is attached as Exhibit D.

8.     On May 7, 2008, which was within 90 days of receipt of the Notices of Right to Sue, Plaintiff filed the present action against Defendant alleging employment discrimination.

9.     All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of Illinois, and all actions involve Plaintiff and Defendant who reside within this jurisdiction or are authorized to do business within this jurisdiction.

## COUNT I

## DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT ON BASIS OF RACE PURSUANT TO TITLE VII

10.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-9 above as if set forth at length herein.

11.     Plaintiff was hired by Defendant on or about August 5, 2002.

12.     Plaintiff was employed by Defendant in various capacities including press operator, for almost four years, until the date of his termination.

13.     Plaintiff performed his work in a satisfactory manner that met reasonable expectations of Defendant.

14.     During Plaintiff's employment, Defendant discriminated against him because of his race with respect to allocation of work hours and overtime, enforcement of company rules, verbal harassment, and manipulation of discipline procedures, among other things.

15.     Similarly situated employees who were not African-American were not subjected to the negative actions taken by Defendant against Plaintiff.

16.     As a result of Defendant's acts, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, emotional distress, and mental anguish, loss of career opportunities, lost income, damage to his reputation and professional development, and other compensable losses and damages.

17.     Defendant's conduct constitutes unlawful employment discrimination violating Title VII, 42 U.S.C. § 2000e-2(a).  Defendant's conduct constitutes a violation committed with malice or reckless indifference for Plaintiff's rights.

18.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

<u>**COUNT II**</u>

<u>**DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT ON BASIS**</u>

<u>**OF RACE PURSUANT TO § 1981**</u>

19.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-18 above as if set forth at length herein.

20.     Defendant's conduct relating to the terms and conditions of Plaintiff's employment constitutes unlawful employment discrimination in violation of 42 U.S.C. § 1981.  Defendant's conduct constitutes a violation committed with malice or reckless indifference for Plaintiff's rights.

21.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

<u>**COUNT III**</u>

<u>**DISCRIMINATORY DISCHARGE ON BASIS OF RACE PURSUANT TO**</u>

<u>**TITLE VII**</u>

22.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-21 above as if set forth at length herein.

23.     Defendant suspended Plaintiff on June 16, 2006, and subsequently terminated him on June 27, 2006.  These actions were taken because of Plaintiff's race.

24.     Similarly situated employees who were not African-American were not subjected to such actions taken by Defendant against Plaintiff.

25.     Defendant's conduct constitutes unlawful employment discrimination violating Title VII, 42 U.S.C. § 2000e-2(a).  Defendant's conduct constitutes a violation committed with malice or reckless indifference for Plaintiff's rights.

26.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

## COUNT IV

## DISCRIMINATORY DISCHARGE ON BASIS OF RACE PURSUANT TO § 1981

27.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-26 above as if set forth at length herein.

28.     Defendant's conduct relating to Plaintiff's suspension and termination constitutes unlawful employment discrimination violating 42 U.S.C. § 1981.  Defendant's conduct constitutes a violation committed with malice or reckless indifference for Plaintiff's rights.

29.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

## COUNT V

## RETALIATION IN TERMS AND CONDITIONS OF EMPLOYMENT PURSUANT TO TITLE VII

30.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-29 above as if set forth at length herein.

5

31.    Plaintiff filed a series of formal grievances in response to Defendant's discriminatory acts, including grievances filed on October 19, 2005, October 28, 2005, April 6, 2006, and two grievances filed on April 13, 2006.

32.    Plaintiff filed a written charge of discrimination with the EEOC on May 4, 2006, alleging that Defendant subjected him to unequal terms and conditions of employment on the basis of his race and retaliation, among other things.

33.    Plaintiff filed an additional internal complaint on June 15, 2006 for discrimination and harassment.

34.    Defendant retaliated against Plaintiff for filing the grievances, the May 4, 2006 EEOC charge, and/or the internal complaint with respect to allocation of work hours and overtime, enforcement of company rules, verbal harassment, and manipulation of discipline procedures, among other things.

35.    Defendant's retaliatory conduct constitutes unlawful employment discrimination violating Title VII, 42 U.S.C. § 2000e-3(a).  Defendant's retaliatory conduct constitutes a violation committed with malice or reckless indifference for the Plaintiff's rights.

36.    Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

<u>**COUNT VI**</u>

<u>**RETALIATION IN TERMS AND CONDITIONS OF EMPLOYMENT PURSUANT**</u>

<u>**TO § 1981**</u>

37.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1-36 above as if set forth at length herein.

38.     Defendant's retaliatory conduct relating to the terms and conditions of Plaintiff's employment constitutes unlawful employment discrimination violating 42 U.S.C. § 1981.  Defendant's retaliatory conduct constitutes a violation committed with malice or reckless indifference for the Plaintiff's rights.

39.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

**COUNT VII**

**RETALIATORY DISCHARGE PURSUANT TO TITLE VII**

40.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-39 above as if set forth at length herein.

41.     Defendant retaliated against Plaintiff for filing the grievances, the May 4, 2006 EEOC charge, and/or the internal complaint by suspending Plaintiff on June 16, 2006 and subsequently terminating him on June 28, 2006.

42.     Defendant's retaliatory conduct constitutes unlawful employment discrimination violating Title VII, 42 U.S.C. § 2000e-3(a).  Defendant's retaliatory conduct constitutes a violation committed with malice or reckless indifference for the Plaintiff's rights.

43.     Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

**COUNT VIII**

**RETALIATORY DISCHARGE PURSUANT TO § 1981**

44.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1-43 above as if set forth at length herein.

45.    Defendant's retaliatory conduct relating to Plaintiff's suspension and termination constitutes unlawful employment discrimination violating 42 U.S.C. § 1981. Defendant's retaliatory conduct constitutes a violation committed with malice or reckless indifference for the Plaintiff's rights.

46.    Defendant is liable to Plaintiff for civil relief and other damages for the violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff prays for a judgment:

(A)    finding that the Defendant violated Title VII, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981.

(B)    awarding Plaintiff all available damages including, but not limited to, compensatory and punitive damages, including lost wages, emotional distress and front pay against the Defendant;

(C)    awarding Plaintiff pre and post judgment interest on all amounts provided by law;

(D)    awarding Plaintiff costs incurred by the Plaintiff in prosecuting this case and attorney's fees;

(E)    reinstating Plaintiff to his former position with reinstatement of all compensation, seniority, and benefits; and

(F)    granting all other and further appropriate relief to Plaintiff.

//

//

//

//

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

Dated: September 9, 2008

By:          s/ Luke A. Parsons
Jeffry M. Nichols
Luke A. Parsons
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

*Attorneys for Plaintiff*,
ANTONIO LEWIS

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

PLAINTIFF'S FIRST AMENDED COMPLAINT was served on this the 9th day of

September, 2008, to the following attorneys of record, as follows (in addition to service

via the Court's ECF system):

**VIA HAND DELIVERY:**

Randall L. Mitchell
Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C.
150 N. Michigan Avenue
Suite 2130
Chicago, IL 60601

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois on September 9, 2008.

_____Luke A. Parsons_____

# EXHIBIT A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

**Charge Presented To:**

☐ FEPA

☒ EEOC

**Agency(ies) Charge No(s):**

440-2006-03798

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

**Name** *(indicate Mr., Ms., Mrs.)*
Mr. Antonio  Perez Lewis

**Home Phone** *(Incl. Area Code)*
(708) 442-7926

**Date of Birth**

**Street Address**
4409 Prescott Avenue, Lyons, IL 60534

**City, State and ZIP Code**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name**
CHICAGO EXTRUDED METALS COMPANY

**No. Employees, Members**
201 - 500

**Phone No.** *(Include Area Code)*
(708) 656-7900

**Street Address**
1601 S 54th Ave,  Cicero, IL 60804

**City, State and ZIP Code**

**Name**

**No. Employees, Members**

**Phone No.** *(Include Area Code)*

**Street Address**

**City, State and ZIP Code**

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER *(Specify below.)*

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest: 01-01-2004    Latest: 04-07-2006

☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on August 5, 2002. Since 2004 and as recent as April 2006, I have been subjected to unequal terms and conditions of employment in that I am scrutinized more than my non-Black counterparts. I also have not been given the opportunity to work overtime that has been given to my non-Black counterparts. I have filed several grievances about this unfair treatment to no avail.

I believe I have been discriminated against because of my race, Black, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

MAY 0 4 2006

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

May 04, 2006
*Date*

X *Antonio Lewis*
*Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# EXHIBIT B

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2006-08492 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Antonio P. Lewis | (708) 442-7926 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 4409 Prescott Avenue | Lyons, IL 60534 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO EXTRUDED METALS COMPANY | 201 - 500 | (708) 656-7900 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1601 S. 54th Ave. | Cicero, IL 60650 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-16-2006 | 06-28-2006 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on August 5, 2002. On May 4, 2006, I filed a charge of race discrimination and retaliation with EEOC (Charge Number 440-2006-03798). On June 15, 2006, I filed an internal complaint with Respondent alleging that I'd been subjected to additional retaliation from my supervisor. On June 16, 2006, I was accused of violating Respondent's Work Rules and suspended pending termination. I was discharged June 28, 2006.

I believe I have been discriminated against because of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

AUG 0 2 2006

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8-2-06<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT C

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Antonio P. Lewis<br>4409 Prescott Avenue<br>Lyons, IL 60534<br><br>CERTIFIED MAIL 7099 3400 0014 4053 9846 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-03798 | Sarronda Harris,<br>Investigator | (312) 886-9320 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                                    2/15/2008

| | |
|---|---|
| Enclosures(s) | **John P. Rowe,**<br>**District Director** — *(Date Mailed)* |

cc: **CHICAGO EXTRUDED METALS**

# EXHIBIT D

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
## (CONCILIATION FAILURE)

| To: | Antonio P. Lewis<br>4409 Prescott Avenue<br>Lyons, IL 60534 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7099 3400 0014 4054 9815**

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-08492 | **Sarronda Harris,**<br>**Investigator** | **(312) 886-9320** |

## TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                             *February 19, 2008*

|  |  |
|---|---|
| Enclosures(s) | **John P. Rowe,**<br>**District Director** | *(Date Mailed)* |

cc:    **CHICAGO EXTRUDED METALS**