# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANTONIO LEWIS,  )
  )
       Plaintiff,  )
  )  No. 08 C 2621
-vs-  )
  )  Senior U.S. District Judge
  )  GEORGE W. LINDBERG
CHICAGO EXTRUDED METALS CO.,  )
  )
       Defendant.  )

## MEMORANDUM AND ORDER

Defendant Chicago Extruded Metals ("CXM") has moved to dismiss Count III of plaintiff Antonio Lewis's First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Because plaintiff did not assert a claim of race discrimination in his EEOC charge regarding his discharge, defendant's motion is granted.

A party must assert his claims in an EEOC charge in order to assert a claim in court under Title VII. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, (7th Cir, 1994). When asserting a claim in an EEOC complaint, failing to check the correct box on the form is not a fatal error. *Jenkins v. Blue Cross Mutual Hosp. Ins. Inc.,* 538 F.2d 164, 168 (7th Cir. 1976). Rather, a claim in an EEOC complaint must be "reasonably related" to the Title VII claim made in court. *Id.* at 167. "Plaintiffs may proceed on a claim not mentioned in his EEOC complaint 'if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge.'"*Graham v. AT&T Mobility, LLC*, WL 2565999, 2 (7th Cir. 2007), *quoting Peters v. Renaissance Hotel Operating Co.*, 307 F.3d

08 C 2621

535, 551 (7th Cir. 2002). In the instant case, where the box for race discrimination was not checked and race discrimination was not mentioned in the charge, plaintiff has failed to satisfy the prerequisite of asserting the discrimination claim in an EEOC complaint. *See Graham*, WL 2565999 at 2.

Plaintiff acknowledges that he did not check the "race" box on his August 2, 2006, EEOC complaint form. Even so, plaintiff asserts that Count III is reasonably related to the August 2, EEOC charge and could reasonably be expected to have grown out of an investigation of that charge. Plaintiff points out that both the EEOC charge and Count III focus on the improper termination of plaintiff by CXM management, and that race was already "front and center" by way of plaintiff's May 4, 2006, EEOC complaint, which did allege race discrimination. Plaintiff attempts to distinguish the Seventh Circuit's *Graham* case, on the basis that plaintiff's two EEOC charges were filed three months apart, while the two charges in *Graham* were separated by over a year.

Plaintiff's argument, however, misses the point of *Graham*. The Seventh Circuit, applying the same standard advocated by plaintiff, held that Graham failed to meet the prerequisite of alleging a discrimination claim in an EEOC charge. The Seventh Circuit reasoned that because Graham made no mention of race discrimination in the EEOC complaint; checked only the "retaliation" box on the form; and specifically stated on the form only that he was "discriminated against because of retaliation," there was no suggestion in the charge that Graham was asserting a race discrimination claim. *Graham*, WL 2565999 at 2. Moreover, the Seventh Circuit did not mention the time span between Graham's two EEOC charges as having any

2

08 C 2621

impact on its conclusion that the second charge did not allege a race discrimination claim.

The facts of the case at bar are not distinguishable on any relevant ground from those of *Graham*. Therefore, Count III of the complaint is being dismissed..

**ORDERED:** Defendant Chicago Extruded Metals Co.'s motion to dismiss Count III of plaintiff's first amended complaint [24] is granted. Count III of the first amended complaint is dismissed.

                                            ENTER:

                                            GEORGE W. LINDBERG
                                            Senior U.S. District Judge

DATED: November 10, 2008